## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

_____

|                                                    |   |                        |
|----------------------------------------------------|---|------------------------|
| LEE ESPERSON, and others similarly<br>situated,    | ) |                        |
|                                                    | ) |                        |
|     Plaintiffs,                | ) |                        |
|                                                    | ) |                        |
| v.                                                 | ) |                        |
|                                                    | ) | No. 10-2130-STA        |
| TRUGREEN LIMITED PARTNERSHIP<br>and TRUGREEN, INC.;| ) |                        |
|                                                    | ) |                        |
|     Defendants.                | ) |                        |

_____

### ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS
_____

Before the Court is Defendants TruGreen Limited Partnership and TruGreen, Inc.'s

Motion to Stay Proceedings Pending Ruling on Motion to Transfer Venue (D.E. # 31) filed on

May 28, 2010.  Plaintiff Lee Esperson filed a response in opposition to Defendants' Motion

(D.E. # 35) on June 9, 2010.  Defendants have filed a reply brief (D.E # 44) in this matter.  For

the reasons set forth below, Defendants' Motion to Stay is **DENIED**.

### BACKGROUND

Plaintiff has brought the instant action under the Fair Labor Standards Act.  (Compl. ¶

35.)  Plaintiff alleges that Defendants failed to pay him and others similarly situated to him

overtime as required under the Act.

Defendants filed a motion to transfer venue (D.E. # 26) on May 21, 2010.  Defendants

seek to transfer the instant action to the Northern District of Georgia, Atlanta Division.  In the

instant Motion, the Defendants seek to stay the case's proceedings until the Court issues a ruling

on their pending motion to transfer.

Defendants allege that Plaintiff would not be prejudiced by a temporary stay of the proceedings because this case is in its infancy.  For instance, discovery is not set to close until April 6, 2011.  In contrast, Defendants assert that they will be prejudiced if the Plaintiff is allowed to proceed with discovery.  More specifically, Defendants contend that the majority of the potential witnesses and evidence in this matter are located in Georgia.  As such, Defendants assert that they will be greatly inconvenienced and the purpose of their pending motion to transfer frustrated if they are required to participate in discovery in Memphis, Tennessee. Finally, Defendants contend that a stay of these proceedings will conserve judicial resources.

In opposition, the Plaintiff asserts that he would be prejudiced by a stay of proceedings because he would be prevented from filing a motion for approval of 29 U.S.C. § 216(b) notice and consent forms.  Plaintiff notes that putative class members would also be prejudiced because the statute of limitations continues to run until each individual plaintiff has filed a written consent form to join in the action.  Plaintiff contends that he and others similarly situated to him would be prejudiced because a scheduling order has already been entered in this matter and because such a stay is unnecessary since Defendants are unlikely to prevail on their motion to transfer.[1]  Plaintiff asserts that the Defendants will not be prejudiced if discovery proceeds as planned because any discovery done in this jurisdiction could be transferred to Georgia.  Finally, Plaintiff argues that this Court is unlikely to make any rulings on discovery matters before

---

[1] The Court notes that Plaintiff also points out that Defendants will not be prejudiced if forced to engage in discovery in Memphis because they have counsel here, i.e. Louis P. Britt, III, and in Georgia.  The Court, however, declines to address this argument because it granted Counselor Britt's unopposed motion to withdraw from this matter on June 21, 2010 at D.E. # 42.

addressing Defendants' motion, and as such, no judicial resources would be wasted.

In their reply brief, the Defendants first contend that it would be improper for this Court to consider the "speculative, unasserted rights of non-parties" in its analysis.  Second, the Defendants argue that the Plaintiff himself will not be prejudiced if the statute of limitations for putative class members continues to run because his potential recovery is the same regardless of whether additional individuals opt in to the collective action.  Third, Defendants note that the entry of a scheduling order has no bearing on any potential prejudice the Plaintiff might suffer as a result of a stay.  Fourth, the Defendants reiterate their argument that they will suffer extreme hardship if forced to engage in discovery in Memphis, Tennessee since the "locus of operative facts" of this case arise in Georgia.  Finally, the Defendants assert yet again that judicial resources will be wasted if their Motion is not granted.

## ANALYSIS

A district court has the inherent power to stay its proceedings.  This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[2]  This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance."[3]

When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequality to the moving party if

---

[2] *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

[3] *Id*. at 254-55.

3

the action is not stayed; and (3) the judicial resources that would be saved by the stay.[4]

   *A. Potential Prejudice to the Non-Moving Party*

      As noted above, the Plaintiff contends that he and others similarly situated to him will be prejudiced if this matter is stayed pending the Court's ruling on Defendants' motion to transfer. Plaintiff asserts that a stay would prevent him from filing a motion for approval of 29 U.S.C. § 216(b) notice and consent forms. During the stay, however, the statute of limitations would not be tolled for putative class members since an individual's filing of a written consent form to join triggers the tolling.

      The Defendants assert that the running of the applicable statute of limitations is tolled as to Plaintiff and thus any impact a stay might have on the limitations period as to putative class members is irrelevant. Defendants further contend that any consideration by this Court of the limitations period in relation to putative class members would constitute an advisory opinion.

      As this case stands now, Plaintiff has not filed a motion for conditional certification. Therefore, while this case was brought with the intention of becoming a collective action under the FLSA, it is still technically a single plaintiff case with several putative class members waiting in the wings.[5]

      Viewed in this light, the Court fails to see how the running of the statute of limitations as to putative class members prejudices Plaintiff specifically. At present, the applicable statute of

---

   [4] *Sierra Club v. Korleski*, No. 2:08-cv-865, 2010 WL 2302374, at *2 (S.D. Ohio June 8, 2010)(citing *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982)).

   [5] Kamonte Kelly (D.E. # 29), Marvin Constant, Jr.(D.E. # 30), Josh Warren (D.E. # 32) and Hillmon Heard III (D.E. # 43) have all filed notices of consent to become party plaintiffs in this action.

limitations period is tolled as to Plaintiff since he filed his Complaint and FLSA consent form on February 24, 2010.  The statute of limitations period is also tolled as to the four putative class members that have filed consents to opt into this litigation.  In fact, the Defendants even agree that "TruGreen would not object to a limited exception from a general stay of proceedings to permit interested putative class members to file consents to join this lawsuit" in the event their Motion is granted.[6]  As such, the Court finds that Plaintiff would likely not be prejudiced by a temporary stay of the proceedings while Defendants' motion to transfer is pending before this Court.

The Court notes that the Plaintiff also argues that he would be prejudiced by a stay because (1) a scheduling order has been entered and (2) Defendants' motion to transfer has no merit.  The Court finds both of these arguments unpersuasive.  While it is true that a stay of the proceedings might impact the deadlines the Court has already set forth in its scheduling order, a modification or extension of deadlines is not uncommon.  Additionally, Defendants' motion to transfer is currently pending before this Court.  Therefore, any substantive analysis of Defendants' motion to transfer at this stage would be premature since Defendants are merely seeking a stay of the proceedings pending the Court's ruling.

*B. Hardship and Inequality to the Moving Party if the Action is not Stayed*

The Defendants contend that they will be prejudiced if forced to proceed with discovery here primarily because "the locus of operative facts and the majority of documents and witnesses relevant to Plaintiff are located in Georgia."[7]  As the Court noted above, at present this is a single

---

[6] Defs.' Reply to Mot. to Stay, 3.

[7] *Id.* at 5.

5

plaintiff case.  Plaintiff was employed with Defendant in Acworth, Georgia.[8]  Two of the individuals who have filed consents to join in the litigation, however, are from Birmingham, Alabama.[9]  Therefore, the current geographic composition of the putative class is really no indication of the make-up of the class when and if it is eventually certified.  As such, the Court finds Defendants' geography based argument unpersuasive.

    *C. The Judicial Resources that would be Saved by the Stay*

    Defendants assert that the "Plaintiff . . . does not want a stay to be entered because he wants to proceed with discovery and a motion for conditional certification of an FLSA collective action while the motion to transfer is pending."[10]  Defendants note that the standards for conditional certification differ by Circuit.  As such, Defendants contend that "if this Court were to rule on [Plaintiff's motion for conditional certification] and then agree that this case should not proceed before it, it would not only waste this Court's resources but also . . . lead to different results than would have been reached by the United States District Court for the Northern District of Georgia."

    First, while the Court admits that the Defendants' express legitimate concerns, at present the Plaintiff has not filed a motion for conditional certification.  Therefore, Defendants argument concerning the order in which the Court might rule on their motion to transfer and Plaintiff's yet to be filed motion for conditional certification is speculative at best.  Second, in the interest of judicial economy, the Court would not issue a ruling on Plaintiff's motion for conditional

_____

    [8] Compl. ¶ 8.

    [9] Defs.' Mem. in Supp. of Mot. to Stay, 6 n. 4.

    [10] Defs.' Reply to Mot. to Stay, 6.

certification with Defendants' motion to transfer still pending.  Although the Defendants seem to doubt the Court's foresight, it is well aware that such action could lead to inconsistent rulings if the case is ultimately transferred.

Finally, the Defendants assert that their deadline for responding to initial disclosures is July 12, 2010.  Plaintiff has propounded his First Set of Interrogatories to Defendants which the Defendants contend are overly broad and seek irrelevant information.  As such, Defendants note that they will object to these requests which may lead to "a motion to compel by Plaintiff, a motion for protective order by TruGreen, or both."[11]  The Defendants then argue that if the Court were to rule on such discovery disputes before addressing the pending motion to transfer it would waste judicial resources if the case is ultimately transferred.  Like Defendants' argument concerning the order in which the Court is likely to rule on Plaintiff's yet to be filed motion for conditional certification and their pending motion to transfer, this argument too is speculative. At present, none of the parties have filed any type of discovery related motion.  The Court declines to analyze such a hypothetical scenario.  Further, the Court notes that any discovery that is conducted and agreed to by the parties here should undoubtedly be useful even in the event the case is transferred.

Ultimately, "a stay is not a matter of right, even if irreparable injury might otherwise result.  It is instead an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'"[12] Here, Defendants have not met that burden.  Although the Court finds that Plaintiff would not be

---

[11] *Id*. at 7.

[12] *Indiana State Police Pension Trust v. Chrysler, LLC*, 129 S.Ct. 2275, 2276 (2009).

prejudiced by such a stay, the Court also finds that Defendants likewise are unlikely to be prejudiced if it is not granted.  Additionally, judicial resources are not likely to be wasted. Under these circumstances, the Court in its discretion finds that a stay is not warranted.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Stay Proceedings Pending Ruling on Motion to Transfer Venue is **DENIED**.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 29th, 2010.